## J. C. OLIVER, ET AL., *v.* B. RICHARDSON, ET AL.

**Sale of Personal Property—Warranty.**

Where there is a sale of hogs coupled with a warranty that such hogs are sound and free from disease, if at the time of the sale the hogs were inoculated with infectious or contagious disease, the warranty was false, although the disease may not have been in active operation at that time.

**Warranty in Sale of Hogs.**

Where in the sale of a lot of hogs there is a warranty that they are free from disease, the warranty extends to the lot of hogs; and the fact that the disease was infectious or contagious and was lurking in some of the hogs making up the lot is sufficient to support the verdict.

### APPEAL FROM SPENCER CIRCUIT COURT.

#### May 17, 1876.

OPINION BY JUDGE LINDSAY:

The proof in these cases is sufficient to support the verdicts on the three material issues of fact: 1st. That there was a warranty that the hogs sold were sound. 2d. That they were at the time of the sale infected with the disease known as hog cholera. 3d. That the amount of damages awarded is not excessive.

It is only necessary, therefore, that we shall inquire into the correctness of the rulings of the court as to the legal questions pre-

sented on the trial. The court did not err in refusing to compel the appellees to elect whether they would rely for a recovery upon the warranty of soundness or upon the deceit arising out of the alleged false and fraudulent representations made by the parties selling the hogs.

The two causes of action grow out of the contract of sale, and authorize an action for a deceit. At the common law an action ex delicto is so far an action found on contract as to authorize the supposed joinder in these cases. *Jones, Assignee, v. Johnson, et al.,* 10 Bush 649. In point of fact, however, there was no joinder of different causes of action. The appellees stated the facts of the transactions with more elaboration than was necessary, and thereby showed not only that the hogs were warranted to be sound, but that the warranty was fraudulently made.

But if the appellants could complain at this (which we do not decide), the ground of complaint was removed when the court came to instruct the jury. We cannot say that the court below erred in refusing to give instruction No. 1 asked by appellants. Instructions Nos. 1 and 7, given on motion of appellees, express in apt and correct terms the law as to the character of representations amounting to an implied warranty. Said instructions negative the idea that their expressions of mere opinion constitute a warranty. If appellants desired that the jury should have been so told in express terms, they should have coupled that idea with a statement of the law, in other respects of doubtful propriety, as they did in said instruction No. 1.

The effect of that instruction is that representations cannot amount to an implied warranty, unless they are the sole inducement to the purchaser to act. It is only necessary that the seller shall intend his representations as to quality, to be acted on by the purchaser, and that they shall constitute one of the various causes of action upon the part of the latter. The peril and the desire of the purchaser to obtain the kind of property being sold, may exercise with him a controlling influence; and yet he may rely and purchase upon the faith of the express representations of soundness made by the seller. And in such a case the seller will be treated as a warrantor.

It was not necessary that the jury should believe that the hogs were diseased, and also that, at the time of the sale, the disease was in active operation among them, in order to find that there was a breach of warranty. If at the time of the sale, the hogs were inoculated with an infection or contagious disease, the warranty was

false, although the disease may not have been in active operation at that time.

The warranty was not confined to the particular hogs actually diseased at the time of the sale. The warranty was that the lot of hogs was sound, and the fact that the disease was infectious or contagious, and was lurking in some of the hogs making up the lot, is sufficient to support the verdict. It was not necessary that the seller should warrant each particular lot as it was put up to be sold. The warranty applied to the entire drove of 180 odd hogs, and it is manifest that, if it was made at all, the seller intended it should be acted upon until all the hogs should be sold. The proof is uncontradicted that all the appellees were present and heard the representations, and relied upon them.

The instructions given and refused accord with the views herein expressed.

Judgment *affirmed.*

*J. C. Beckham, J. & J. W. Rodman, for appellants.*

*W. C. Bullock, Caldwell & Harwood, for appellees.*